IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **JARED ALLEN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. |
| v. | ) |
| | ) |
| **OLEG KUPCHENKO** | ) |
| Serve At: | ) |
| 10912 SE 223rd PL | ) |
| Kent, WA 98031 | ) |
| | ) |
| And | ) |
| | ) |
| **US BEST TRUCKING, LLC** | ) |
| Serve Registered Agent: | ) |
| Muradin Fodlov | ) |
| 2061 Sidneywood Road | ) |
| West Carrollton, OH 45449 | ) |
| | ) |
| And | ) |
| | ) |
| **MURADIN FODLOV** | ) |
| Serve At: | ) |
| 2061 Sidneywood Road | ) |
| West Carrollton, OH 45449 | ) |
| | ) |
| Defendants, | ) |
| | ) |

## COMPLAINT

COMES NOW, Plaintiff, JARED ALLEN, and for his causes of action against Defendants, OLEG KUPCHENKO and US BEST TRUCKING, LLC state to the Court as follows:

### Preliminary Statement

This action seeks compensatory damages for acute injuries suffered by Plaintiff, JARED ALLEN, on August 10, 2015, when he was operating her motor vehicle southbound on 4th Street at or near its intersection with Lincoln, in Coles County, State of Illinois. The Plaintiff

suffered severe physical and psychological injuries when the vehicle, in which he was operating, was struck by a vehicle being operated by Defendant OLEGKUPCHENKO, during the course and scope of his employment with Defendant US BEST TRUCKING, LLC, when Defendant OLEG KUPCHENKO, was inattentive while operating his tractor-trailer while under the influence of methamphetamines.

### Jurisdiction

1. This Court has jurisdiction over the subject matter herein pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship between Plaintiff and the Defendants and the amount in controversy exceeds $75.000.

2. This Court has personal jurisdiction over Defendants pursuant to the Illinois Long-Arm Statute (735 ILCS 5/2-209) which has been held to be coextensive with Federal due process minimum contacts requirements where, as here, the Federal Court exercises diversity jurisdiction. (*FMC Corp. v. Varonos (7th Cir. 1990), 892 F.2d 1308, 1310-11 n. 5)*.

### Venue

3. Venue of this action properly lies in the United States District Court for the Central District of Illinois, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred within this district.

### Parties

4. Plaintiff, JARED ALLEN (hereinafter "**PLAINTIFF**") is a resident of Coles County, State of Illinois.

5. Defendant OLEG KUPCHENKO, (hereinafter "**DEFENDANT OLEG**") is a resident of Kent County, State of Washington, who was transacting and conducting commercial

activities within the State of Illinois on behalf of Defendant US BEST TRUCKING, LLC at the time of the crash described herein.

6. Defendant US BEST TRUCKING, LLC, (hereinafter "**DEFENDANT BEST**") is a limited liability company, with a principal place of business in the State of Ohio that conducts business in the State of Illinois among other states, which was, by and through its employee Defendant OLEG, transacting and conducting commercial activities within the State of Illinois at the time of the crash described herein. Defendant MURADIN FODLOV, residing at 061 Sidneywood Road, West Carrollton, Ohio, is the sole member of Defendant BEST.

### COUNT I – DEFENDANT US BEST TRUCKING, LLC - NEGLIGENCE

7. On or about August 10, 2015, Defendant BEST's agent, servant and/or employee while acting within the scope of his employment was traveling northbound on 4th Street, at or near its intersection with Lincoln in the City of Charleston, Coles County, State of Illinois, and while under the influence of methamphetamines and permitted his commercial vehicle to run a red traffic signal, come into PLAINTIFF's lane of travel and strike PLAINTIFF's vehicle, resulting in injuries to PLAINTIFF which were the direct and proximate result of the carelessness and negligence of Defendant BEST.

8. The two vehicles collided on 4th Street at or near its intersection with Lincoln as a direct result of the negligence of Defendant BEST, acting through its agents, servants or employee, individually or in combination, in one or more of the following respects:

a) Its driver was inattentive to the roadway;

b) Its driver was under the influence of methamphetamines;

c) Its driver carelessly and neglectfully failed to yield the right-of-way;

3

d) Its driver carelessly and negligently failed to sound a warning of his approach, to slacken speed, swerve or stop before colliding with plaintiff's automobile;

e) Its driver failed to control the commercial vehicle;

f) Its driver was carelessly and negligently operated his commercial vehicle at an excessive rate of speed under the circumstances then and there existing;

g) Its driver carelessly and negligently failed to exercise the highest degree of care to keep a lookout to the front and laterally so as to discover plaintiff's automobile;

h) It entrusted its driver to operate its commercial vehicle when it knew or should have known that he had an unsafe past while operating motor vehicles;

i) It failed to train its driver in the safe operation of commercial vehicles;

j) It retained Defendant OLEG as a driver when it knew or should have known of his unsafe past while operating motor vehicles;

k) It hired Defendant OLEG without performing an adequate investigation of his driving history;

l) Its driver carelessly and negligently operated his commercial vehicle while under the influence of methamphetamines;

m) Its driver failed to obey the traffic-control device in violation of Illinois Statute ILCS §5/11-305; and

n) Its driver failed to reduce his speed to avoid a collision in violation of Illinois Statute ILCS §5/11-601.

9. Defendant BEST acting through its agents, servants or employee, individually or in combination, owed a duty of care to members of the general public, including PLAINTIFF, while using the public roadways on or about August 10, 2015.

10. That as a direct and proximate result of the negligence and carelessness of the Defendant BEST, as aforesaid, PLAINTIFF's neck, back, spine, lower extremities and head, were seriously bruised, contused, swollen, aggravated, ruptured, mashed, wrenched, narrowed,

compressed, subluxed, abraded, dislocated, strained, sprained and rendered stiff, requiring surgery; sore and painful; that PLAINTIFF suffered, suffers and will in the future continue to suffer great physical pain; that the function of all of the said area and parts of PLAINTIFF's body has been and will in the future be greatly impaired and diminished, and that all of the PLAINTIFF's injuries, effects and results thereof are permanent and progressive.

11.  That as a direct and proximate result of the negligence and carelessness of Defendant BEST, PLAINTIFF has to date incurred medical expenses in sums not yet determined which sums for medical expenses may increase and lost wages in sums not yet determined, and other damages in excess of $75,000.00, and is reasonably certain to sustain additional expense and loss in the future.

WHEREFORE, Plaintiff JARED ALLEN prays for judgment against Defendant, US BEST TRUCKING, LLC, for his costs incurred and for such other relief as the Court deems just and proper.

## **COUNT I – DEFENDANT OLEG KUPCHENKO – NEGLIGENCE**

Comes now PLAINTIFF, and for his cause of action against Defendant OLEG KUPCHENKO, states as follows:

12.  PLAINTIFF adopts by reference each and every paragraph and sub-paragraph contained in paragraphs 1-11 above.

13.  On or about August 10, 2015, Defendant BEST's agent, servant and/or employee Defendant OLEG while acting within the scope of his employment was traveling northbound on 4th Street, at or near its intersection with Lincoln in the City of Charleston, Coles County, State of Illinois, and while under the influence of methamphetamines caused and

5

permitted his commercial vehicle to run a red traffic signal, come into PLAINTIFF's lane of travel and strike PLAINTIFF's vehicle, resulting in injuries to Plaintiff which were the direct and proximate result of the carelessness and negligence of Defendant BEST's agent, servant and/or employee Defendant OLEG while acting within the scope of his employment.

14. The two vehicles collided on 4th Street at or near its intersection with Lincoln as a direct result of the negligence of Defendant OLEG, acting as agent, servant and/or employee within the scope of his employment with Defendant BEST, individually or in combination, in one or more of the following respects:

 a) Defendant OLEG was inattentive to the roadway;

 b) Defendant OLEG was under the influence of methamphetamines;

 c) Defendant OLEG carelessly and neglectfully failed to yield the right-of-way;

 d) Defendant OLEG carelessly and negligently failed to sound a warning of his approach, to slacken speed, swerve or stop before colliding with plaintiff's automobile;

 e) Defendant OLEG failed to control the commercial vehicle;

 f) Defendant OLEG was carelessly and negligently operated his commercial vehicle at an excessive rate of speed under the circumstances then and there existing;

 g) Defendant OLEG carelessly and negligently failed to exercise the highest degree of care to keep a lookout to the front and laterally so as to discover plaintiff's automobile;

 h) Defendant OLEG carelessly and negligently operated his commercial vehicle while under the influence of methamphetamines;

 i) Defendant OLEG failed to obey the traffic-control device in violation of Illinois Statute ILCS §5/11-305; and

 j) Defendant OLEG failed to reduce his speed to avoid a collision in violation of Illinois Statute ILCS §5/11-601.

15. Defendant OLEG, acting as agent, servant and/or employee within the scope of his employment with Defendant BEST, individually or in combination, owed a duty of care to members of the general public, including PLAINTIFF, while using the public roadways on or about August 10, 2015.

16. As a direct and proximate result of the negligence and carelessness of Defendant OLEG acting within the scope of his employment, as aforesaid, PLAINTIFF's neck, back, spine, lower extremities and head, were seriously bruised, contused, swollen, aggravated, ruptured, mashed, wrenched, narrowed, compressed, subluxed, abraded, dislocated, strained, sprained and rendered stiff, requiring surgery; sore and painful; that PLAINTIFF suffered, suffers and will in the future continue to suffer great physical pain; that the function of all of the said area and parts of PLAINTIFF's body has been and will in the future be greatly impaired and diminished, and that all of the PLAINTIFF's injuries, effects and results thereof are permanent and progressive.

17. That as a direct and proximate result of the negligence and carelessness of Defendant OLEG, PLAINTIFF has to date incurred medical expenses in sums not yet determined which sums for medical expenses may increase and lost wages in sums not yet determined, and other damages in excess of $75,000.00, and is reasonably certain to sustain additional expense and loss in the future.

WHEREFORE, Plaintiff JARED ALLEN prays for judgment against Defendant, OLEG KUPCHENKO, for his costs incurred and for such other relief as the Court deems just and proper.

BROWN & CROUPPEN, P.C.

BY: _____
Shaun M. Falvey, #6284797
Attorney for Plaintiff
211 N. Broadway, Ste. 1600
St. Louis, MO 63102
(314) 421-0216
(314) 421-0359 (Fax)
pipleadings@getbc.com