# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JARED ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15-cv-3317 |
| | ) |
| OLEG KUPCHENKO, | ) |
| US BEST TRUCKINC, LLC, and | ) |
| MURADIN FODLOV, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

THOMAS P. SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

Before the Court is Plaintiff Jared Allen (Plaintiff)'s Motion for Entry of Clerk's Default Against Defendants Oleg Kupchenko, US Best Trucking, LLC, and Muradin Fodlov (d/e 9) (Motion).

## Background

Plaintiff seeks damages in this action for injuries suffered by the Plaintiff when he was operating a motor vehicle in Coles County, Illinois. Plaintiff alleges that he suffered injuries when the vehicle he was driving was struck by a vehicle operated by Defendant Kupchenko in the course and scope of his employment with Defendant US Best Trucking, LLC. The

Complaint alleges the Court has jurisdiction over the subject matter pursuant to the diversity of citizenship between the parties under 28 U.S.C. §1332(a).  Plaintiff's Motion indicates all Defendants were served with the Complaint on November 30, 2015.

Attorney Richard H. Narup entered his appearance on behalf of Defendant US Best Trucking, LLC and Defendant Fodlov on December 9, 2015 (d/es 3, 4).   On February 1, 2016, Attorney Narup filed an Answer to the Complaint on behalf of Defendant US Best Trucking, LLC (d/e 8).

On February 8, 2016, Plaintiff filed the instant Motion (d/e 9) seeking default against all Defendants.  On the same date, Defendant Fodlov filed a Motion to Dismiss Complaint (d/e 12).  On February 9, 2016, an Answer was filed on behalf of Defendant Kupchenko (d/e 15).

In Defendant US Best Trucking, LLC and Defendant Fodlov's Response to Motion for Default Judgment and Motion to File Answer Instanter (d/e 14), defense counsel represents that Defendant Kupchenko was uncooperative.  Defense counsel indicates that the Answer (d/e 8) filed on behalf of Defendant US Best Trucking, LLC, Defendant Fodlov's Motion to Dismiss (d/e 12), and the Answer (d/e 15) filed on behalf of Defendant Kupchenko, were late.  Defense counsel requests that the pleadings be allowed to stand instanter.

## Analysis

The determination of whether default judgment is appropriate is committed to the discretion of the trial court.  Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980).  For default judgment, defendant must be considered a "totally unresponsive" party, and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment.  Gutierrez v. Berg Contracting, Inc., No. 99-3044, 2000 WL 331721, at *1 (D.D.C. Mar. 20, 2000) (citing Jackson, 636 F.2d at 836).

Given the events described above, the Court does not believe that the Defendants must be considered "totally unresponsive parties".  All Defendants, at this time, have filed responsive pleadings.  The Defendants have not "failed to plead or otherwise defend" as required for entry of judgment by the Clerk under Rule 55(a) of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED AS FOLLOWS:

1)     Plaintiff Jared Allen's Motion for Entry of Clerk's Default Against Defendants Oleg Kupchenko, US Best Trucking, LLC, and Muradin Fodlov (d/e 9) is denied; and,

2) Defendants' Motion to permit late filing of the Answer to the Complaint on behalf of Defendant US Best Trucking, LLC (d/e 8), the Motion to Dismiss Complaint (d/e 12) on behalf of Defendant Fodlov, and the Answer to Complaint (d/e 15) filed on behalf of Defendant Kupchenko is allowed and said pleadings are allowed to be filed instanter.

ENTER:  February 12, 2016

              *s/ Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE