E-FILED
Wednesday, 01 November, 2017  10:32:44 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JARED ALLEN, | ) |
| Plaintiff, | ) |
| v. | ) No. 15-cv-3317 |
| OLEG KUPCHENKO and US BEST TRUCKING, LLC, | ) |
| Defendants. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant US Best Trucking, LLC's (Best) Motion for Partial Summary Judgment (d/e 60) (Motion). The parties consented to proceed before this Court in this matter. Consent to the Exercise of Jurisdiction by a United States Magistrate Judge and Reference Order entered May 12, 2017 (d/e 50). On May 12, 2017, Plaintiff Jared Allen amended his Complaint to allege a claim for spoliation of Evidence against Best. First Amended Complaint (d/e 52), Count III—Spoliation—U.S. Best Trucking, LLC (Count III). Best filed a Motion to Dismiss Count III. The Court directed Best to file this Motion as a request for summary judgment because Best submitted matters outside the pleadings to support the Motion to Dismiss. Opinion entered June 14, 2017

(d/e 57), at 2-3; see Fed. R. Civ. P. 12(d).  For the reasons set forth below, the Motion is ALLOWED.

STATEMENT OF FACTS

On August 10, 2015, Defendant Oleg Kupchenko was driving a semi tractor-trailer for Best.  Kupchenko's truck collided with Plaintiff Allen's motor vehicle in Coles County, Illinois (the Accident).  Allen alleges that Kupchenko caused the Accident by negligently running a red light.  Allen further alleges that Kupchenko was under the influence of methamphetamines at the time that he was driving.  First Amended Complaint, ¶¶ 13-14; see Memorandum in Support of Motion for Partial Summary Judgment (61) (Best Memorandum), Collective Exhibit, US Best Trucking, LLC Supplemental Response to Request to Produce (Best First Supplemental Document Production) attached Illinois Traffic Crash Report.  Best acknowledges that Kupchenko was arrested immediately after the Accident and Kupchenko subsequently pleaded guilty to driving under the influence of methamphetamine.  Best Memorandum, at 6 ¶8.  The First Amended Complaint alleged claims against Best for damages from the Accident under both respondeat superior and direct negligence theories of liability.  First Amended Complaint, Count I.

Allen filed this action on November 10, 2015. On February 23, 2016, Allen served a request to produce documents on Best. In March 2016, Best closed and ceased operations. Affidavit of Muradin Fodlov (68) (Fodlov Affidavit), ¶¶ 1-2. The First Amended Complaint alleges that the sole member of Best is Muradin Fodlov.[1] (d/e 52, par 6) In May 2016, Fodlov's wife, Mekhrybon Ashrapova destroyed Best's business records. She was in charge of keeping documentation for Best. Affidavit of Mekhrybon Ashrapova (d/e 67) (Ashrapova Affidavit) ¶1,4. On April 19, 2017, Allen filed his motion to amend his pleadings to add the Count III claim for spoliation. Amended Motion for Leave to File First Amended Complaint (d/e 42). The Court allowed the motion to amend.

Allen then filed the First Amended Complaint with Count III. Allen alleged he put Best on notice to preserve documents for this litigation by filing the action and serving the February 2016 request to produce. Allen alleged that Best subsequently wrongfully destroyed records in May 2016 responsive to that document request:

> 19. Defendant BEST destroyed a number of highly relevant pieces of evidence during the pendency of this case, including, but not limited to, Defendant OLEG employment file, drug test results, copies of Defendant OLEG's driver's license and CDL license, Defendant OLEG's log books for the time period

---

[1] Muradin Fodlov is listed as a Defendant in the caption of the First Amended Complaint, however the First Amended Complaint does not contain any claims against Muradin Fodlov.

> leading up to and including this crash, driver inspection reports, copies of documents reflecting Defendant OLEG's prior traffic violations and traffic accidents, copies of documents reflecting Defendant OLEG's prior employment history, Defendant OLEG's disciplinary file, and other documents that may relate to this crash and other complaints about Defendant OLEG to the extent that they existed.

First Amended Complaint, ¶ 19 (Paragraph 19).

Best presented evidence in support of the Motion to show that Best either produced from other sources the documents identified in Paragraph 19 or never had the documents. According to Ashrapova, Best used the services of two companies to assist with personnel documentation and regulatory compliance, Clean Fleet and SMS Transportation. Clean Fleet provided drug testing documentation and compliance and SMS Transportation provided other regulatory compliance documentation with regard to Best's drivers. From these sources, Best reconstructed a complete copy of Kupchenko's personnel file at Best, the results for Best's drug test of Kupchenko, Best's record of Kupchenko's employment history, and copies of Kupchenko's driver's licenses including CDL licenses. M. Ashrapova Affidavit ¶¶ 1-7; see Best Memorandum, Collective Exhibit, Best First Supplemental Document Production (drug screening results, Kupchenko driving record, police report on the Accident), US Best Trucking, LLC's Second Supplemental Response to Request to Produce

(Kupchenko driver's license report), <u>US Best Trucking, LLC's Third Supplemental Response to Request to Produce</u> (employment records for Kupchenko, copies of Kupchenko driver's licenses, copies of Kupchenko's driving records, Kupchenko physical examination record, Kupchenko drug testing records), <u>US Best Trucking, LLC's Fourth Supplemental Response to Request to Produce</u> (Kupckenko driving records), US Best Trucking, LLC's Fifth Supplemental Response to Request to Produce (Kupchenko driver's license); <u>Best Memorandum</u>, attached <u>Deposition of Oleg Kupchenko</u>, at 77; <u>Amended Motion for Leave to File First Amended Complaint to Add Spoliation Count Against Defendant US Best Trucking, LLC (d/e 42)</u>, Exhibit 1, <u>Deposition of Mekhrybohn Ashrapova (Ashrapova Deposition)</u>, at 84-85. According to Ashrapova, the complete contents of Kupchenko's personnel file at Best has been secured from other sources and produced in discovery. <u>Ashrapova Affidavit</u> ¶¶ 6-7.

Best also produced a certified copy of Kupchenko's driving record from the Washington State Department of Licensing. <u>Best Memorandum</u>, Collective Exhibit <u>US Best Trucking, LLC's Third Supplemental Response to Request to Produce</u>.

Best did not produce a disciplinary file on Kupchenko. According to Ashrapova, Best did not produce a file because Best did not have a

disciplinary file on Kupchenko.  Kupchenko drove for Best from Best's inception in February 2015 until Best terminated him after the Accident.  Best did not have a record of any discipline prior to termination.  Ashrapova Deposition, at 38.

Best did not produce Kupchenko's logbooks for the period leading up to and including this crash.  Best's owner Fodlov stated in his affidavit that he went to the crash site after the Accident to recover the items that Kupchenko had with him at the time of the Accident, including Kupchenko's logbooks.  Fodlov Affidavit ¶ 3.  Fodlov stated, "When I got to the lot where the truck and trailer and the cargo was kept, I looked into the cab and could not find the log book, and/or bills of lading and/or any other documentation that should have been contained retained by the driver."  Fodlov Affidavit ¶ 4.  Fodlov further stated that he was "never provided a copy of the log books of Oleg Kupchenko for the seven (7) days before the accident."  Fodlov Affidavit ¶ 6.

Allen has submitted no evidence in response.

## ANALYSIS

At summary judgment, Best must present evidence that demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The Court must consider

the evidence presented in the light most favorable to Allen. Any doubt as to the existence of a genuine issue for trial must be resolved against Best. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once Best has met its burden, Allen must present evidence to show that issues of fact remain with respect to an issue essential to his case, and on which he will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Allen must present sufficient evidence to overcome a motion for directed verdict at trial. Anderson, 477 U.S. at 251-56. In this case, Allen failed to present evidence to show that an issue of fact exists.

To overcome the Motion, Allen must present evidence on the following elements of his Count III spoliation claim: (1) that Best owed Allen a duty to preserve the evidence; (2) that Best breached that duty by losing or destroying the evidence; (3) that the loss or destruction of the evidence was the proximate cause of Allen's inability to prove an underlying lawsuit; and (4) that, as a result, Allen suffered actual damages. Martin v. Keeley & Sons, Inc., 2012 IL 113270, ¶ 26, 979 N.E.2d 22, 27 (Ill. 2012). Allen cannot show that an issue of fact exists on the issues of proximate cause or damages if Allen did not need the destroyed evidence to prove his claim. Boyd v. Travelers Ins. Co., 166 Ill.2d 188, 200, 652 N.E.2d 267, 272-73 (Ill.

1995); see Midwest Trust Services, Inc. v. Catholic Health Partners Services, 392 Ill.App.3d 204, 210-11, 910 N.E.2d 638, 643-44 (Ill. App. 1st Dist. 2009).

Best has presented evidence that it provided Allen copies of all of the documents listed in Paragraph 19 that were in its possession when Ashrapova destroyed the Best business records. Allen, therefore, did not need the destroyed documents to prove the information in the destroyed file because he had copies of the documents.

Best presented evidence that it did not destroy a disciplinary file because it did not have a disciplinary file on Kupchenko. Best also presented evidence that it did not destroy a logbook because it did not have possession of Kupchenko's logbook for the week before the Accident. That logbook for that period was kept in the truck. After the accident, Best's owner Fodlov searched the truck, but did not find the logbook. Best, therefore, has presented evidence that it did not destroy these two remaining documents listed in Paragraph 19.

Allen did not present any evidence to controvert the evidence presented by Best. The evidence presented at summary judgment, therefore, establishes that Best provided Allen with copies of the relevant materials that were destroyed by Best's former owners in May 2016 after

the company was dissolved. Allen did not need the destroyed documents to prove his underlying case because he had copies. Best is entitled to partial summary judgment on Count III. See Boyd, 652 N.E.2d at 272-73.

Allen argues essentially that Best's evidence is not good enough. He argues that questions of fact exist as to whether Best secured a complete copy of Kupchenko's employment file and whether the destruction of the originals will prevent Allen from proving his claims against Best. The Court disagrees. Best met its burden at summary judgment to present evidence that no issue of fact exists on essential elements of Allen's spoliation claim. Allen then had the burden to present evidence to show that an issue of fact exists.

> Summary judgment is the "put up or shut up" moment in a lawsuit. Once a party has made a properly-supported motion for summary judgment, the nonmoving party may not simply rest upon the pleadings but must instead submit evidentiary materials that "set forth specific facts showing that there is a genuine issue for trial."

Siegel v. Shell Oil Co., 612 F.3d 932, 937 (7th Cir. 2010) (quoting Fed. R. Civ. P. 56(e) and Johnson v. Cambridge Industries, Inc., 325 F.3d 892, 901 (7th Cir. 2003) (internal citation omitted). Allen did not present any evidence. He failed to show that issues of fact exist with respect to essential elements of his spoliation claim. Best is entitled to partial summary judgment on Count III.

THEREFORE, Defendant US Best Trucking, LLC's (Best) Motion for Partial Summary Judgment (d/e 60) is ALLOWED. This Court enters partial summary judgment in favor of Defendant US Best Trucking, LLC, and against Plaintiff Jared Allen on Count III of the First Amended Complaint. Allen's remaining claims will proceed to trial as scheduled. The pretrial conference shall proceed on Tuesday, January 23, 2018, at 10:00 a.m. before this Court, and the trial shall proceed on Tuesday, January 30, 2018 at 9:00 a.m. before this Court.

ENTER: October 31, 2017

    *s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE